UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS ORTIZ-RODRIGUEZ,

                                                       Plaintiff,

                                                                                            DECISION AND ORDER

                                                                                            05-CV-6424L

                             v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                                                       Defendants.
_____

     Plaintiff, Luis Ortiz-Rodriguez ("Rodriguez"), appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983.  Plaintiff, who at the time this action was commenced, was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants Dr. Joseph Tan, MD and Superintendent James Berbary, who were at all relevant times employed by DOCS, violated his constitutional rights in connection with plaintiff's medical care and treatment in 2005, while plaintiff was incarcerated at Collins Correctional Facility.

     Defendants have moved for summary judgment (Dkt.#22).  Plaintiff has not responded to the motion.  For the reasons that follow, the motion is granted.

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant of the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620 ($2^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 ($2^d$ Cir. 2001).

In the instant case, defendants, by their notice of motion (Dkt. #13), and Court, by its scheduling order (Dkt. #17), attempted to give plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion of summary judgment. The notice of motion states, in part, that: "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial."

Likewise, the scheduling order (Dkt. #17) states, in part, that: "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial."

Clearly, the scheduling order and notice of motion would have provided plaintiff with adequate notice of his obligation to respond to the defendants' motion, but it appears that, as a result of plaintiff's own failure to keep the Court and defendants apprised of his current mailing address, plaintiff never received either of them.

Defendants' notice of motion (Dkt. #13) was filed, and the scheduling order (Dkt. #17) was issued, on February 15 and 16, 2007 respectively. According to the DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, plaintiff was released on January 17, 2007. Plaintiff never provided the Court with an updated, post-release mailing address, however, and the scheduling order, which was mailed to Collins Correctional Facility, was returned as undeliverable.

Parties appearing *pro se* are required to furnish the Court with a current address at all times pursuant to rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York. Due only to plaintiff's noncompliance with Local Rule 5.2(d) has he failed to receive notice of the consequences of failing to respond to the motion. Accordingly, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Defendants' Motion for Summary Judgment**

**A. Claim Against Dr. Tan**

Plaintiff alleges that Dr. Tan violated his Eighth Amendment rights by intentionally denying him medical treatment for his arthritis, ulcers and hepatitis. Dr. Tan is entitled to summary judgment.

To show that prison medical treatment was so inadequate as to amount to "cruel and unusual punishment" prohibited by the Eight Amendment, plaintiff must prove that defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2$^d$ Cir. 1998) (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2$^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).

The "deliberate indifference" component, as explained by the Supreme Court, includes both an objective and subjective element. *Wilson v. Seiter,* 50 U.S. 294, 298-299 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective aspect, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* ay 299; *DesRosier v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2$^d$ Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F. Supp. at 44.

In addition, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance,* 143 F.3d at 703; *see also Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

In this case, plaintiff alleges that Dr. Tan denied plaintiff treatment for his arthritis, ulcers and hepatitis on May 20, 2005. Assuming *arguendo* that arthritis, ulcers, and hepatitis constitute serious medical needs, plaintiff cannot establish the "deliberate indifference" component of an Eighth Amendment claim.

The undisputed facts show that Dr. Tan treated plaintiff's arthritis and ulcers with exercise, pain relievers and ulcer medication. (Dkt. #15 ¶ 3(b)); (Dkt. #16 at 12, 14). The facts also show that plaintiff was disqualified for hepatitis therapy because of his positive rheumatoid arthritis factor. (Dkt. #15 ¶ 3(c)); (Dkt.#16 at 16-19). Plaintiff offers no evidence that Dr. Tan refused to treat him.

Furthermore, plaintiff offers no evidence to demonstrate that Dr. Tan had the requisite culpable state of mind to act with deliberate indifference. Although plaintiff may subjectively believe that his care was not adequate or correct, that difference of opinion does not demonstrate indifference and does not give rise to an Eighth Amendment claim. *See Goodson v. Evans* 438 F. Supp. 2d. 199, 203 (W.D.N.Y. 2006).

**B. Claim Against Superintendent Berbary**

Plaintiff alleges in the complaint (Dkt. #1) that Superintendent Berbary, in failing to screen medical doctors and physicians before they are hired, violated his Eighth Amendment rights. Plaintiff further testified at his deposition that the basis of his complaint against Superintendent Berbary was Berbary's affirmance of the denial of plaintiff's grievance against Dr. Tan. (Dkt.#16 at 22-25).

Plaintiff's claim against Berbary, then, is predicated entirely upon Dr. Tan's alleged violation of plaintiff's Eighth Amendment rights. Since plaintiff has no actionable claim against Dr. Tan, plaintiff's claim against Berbary also fails.

Furthermore, plaintiff has not alleged that Berbary was personally involved in the alleged constitutional deprivation. Superintendent Berbary is therefore entitled to summary judgment on that ground as well.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2$^d$ Cir. 2001); *Gaston v. Coughlin*,

249 F.3d 156, 164 (2ᵈ Cir. 2001). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2ᵈ Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2ᵈ Cir. 1986).

"Where a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action." *Liner v. Goord*, 310 F. Supp. 2d 550, 555 (W.D.N.Y. 2004). *See*, *e.g.*, *Sealey v. Giltner,* 116 F.3d 47, 51 (2ᵈ Cir. 1997) (summary judgment affirmed where commissioner referred plaintiff's letter to the prison superintendent); *Garvin v. Goord,* 212 F. Supp. 2d 123, 126 (W.D.N.Y. 2002) (granting summary judgment to DOCS commissioner based on lack of personal involvement); *Farid v. Goord*, 200 F. Supp. 2d 220 (W.D.N.Y. 2002) (dismissing action against DOCS commissioner and prison superintendent for lack of personal involvement where plaintiff merely sent petition to them and each referred the petition down the chain of command for investigation.)

In the instant case, there is no evidence that Berbary participated in any of the alleged violations of plaintiff's rights, that he knew of but failed to act on information about such violations,

or that he was grossly negligent in supervising any subordinates who committed the wrongful acts. Berbary's signature does not appear on the denial of plaintiff's appeal of the grievance, which was signed by the acting superintendent. Berbary's involvement, at most, consists of his forwarding the document to his staff, which is not enough to give rise to personal involvement for purposes of § 1983. Berbary is therefore entitled to summary judgment for this reason as well.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #13) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 13, 2007.